The Hon. Philip M. Halpern
United States District Judge
Southern District of New York
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, NY 10601

Re:   **Morales v. Fross, Zelnick, Lehrman & Zissu, P.C., et al.**
**Case No. 7:21-cv-04509-PMH**

Dear Judge Halpern:

We submit this joint letter, on behalf of the Parties, to respectfully request that the Court review and approve the Parties' settlement of Plaintiff's claims brought pursuant to the FLSA as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). A copy of the Parties' fully executed settlement agreement is attached hereto as **Exhibit A**.

### 1.  Background

On May 19, 2021, Plaintiff, a former employee of FZLZ, filed a Complaint against Defendants alleging, *inter alia*, alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law, 12 NYCRR § 142 ("NYLL") (the "Action).

Specifically, Plaintiff alleges that, on a few occasions, she stayed late at work to complete tasks for partners at FZLZ.

Defendants deny Plaintiff's claims in their entirety.  Defendants contend that Plaintiff did not work any alleged unpaid overtime and was properly paid for all hours worked during her entire tenure at FZLZ, as reflected by the detailed time records, which are in Defendant's possession.

### 2.  Settlement Terms

Following a mediation before Mark Segall, Esq. at JAMS, the Parties reached an amicable resolution of Plaintiff's claims in the Action.  With respect to Plaintiff's claims under the FLSA and NYLL, the Parties have reached a settlement of $5,000.  Plaintiff's counsel is not claiming and/or receiving any part of the settlement as reimbursement of his attorneys' fees.  As such, Plaintiff will receive the full settlement amount.  Pursuant to the Settlement Agreement, the settlement amount will be paid within fourteen (14) days of Court-approval of the settlement.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07.  When analyzing a Rule 41 FLSA settlement, courts approve them "when they are reached as a result of contested litigation to resolve bona fide disputes." *Flores v. Hill Country Chicken NY, LLC*, 2018 WL 2389076, at *2 (S.D.N.Y. May 25, 2018)  (citing *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Chowdhury v. Brioni Am., Inc.*, 2017 WL 5953171, at \*2 (S.D.N.Y. Nov. 29, 2017) (citing *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013)). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* "Generally, there is a strong presumption in favor of finding a settlement fair, because the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Qi Jun Kang v. Jia Xing 39th Inc.*, 2018 WL 4538906, at \*1 (S.D.N.Y. Sept. 21, 2018) (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)). "The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator." *Saldana v. Middletown Car-G-Cam Uni Corp.*, 2015 WL 12591678, at \*1 (S.D.N.Y. Sept. 23, 2015) (citing *Sukhnandan v. Royal Health Care of Long Island LLC*, 2013 WL 4734818, at \*2 (S.D.N.Y. Sept. 3, 2012)); *accord In re Penthouse Executive Club Comp. Litig.*, 2013 WL 1828598, at \*2 (S.D.N.Y. Apr. 30, 2013) ("A settlement . . . reached with the help of third-party neutrals enjoys a presumption that the settlement achieved meets the requirements of due process."); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, at \*1 (E.D.N.Y. Apr. 20, 2012) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive.").

While Plaintiff stands by her claims, this settlement reflects concessions made in recognition of the difficulty and length of litigation, as well as the strength of the evidence possessed by Defendants in the form of detailed time records. Considering the risks in this case outlined above, Plaintiff believes that this settlement is a good result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at \*2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. <u>The Settlement Is Fair And Reasonable</u>

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y.2012). The *Wolinsky* factors consider: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.*

#### a. <u>Range of Possible Recovery</u>

The settlement amount of $5,000 is a fair and reasonable result. This is because Plaintiff's damages estimate shows that she is owed overtime wages of approximately $2,500. Including liquidated damages and NYLL 195(1) and (3) statutory penalties, Plaintiff's estimated total damages are approximately $5,000. Further, inasmuch as Plaintiff did not maintain records of her claimed off-the-clock time, risks existed that her version of her hours worked might not be believed, in full or in part. Moreover, because Plaintiff anticipated difficulties in locating witnesses willing to testify against Defendants-and because Defendants would be far more likely to find management or current/former employees or tenants to back up Defendants' position(s)-

the amount of Plaintiff's off-the-clock work is also speculative. Plaintiff thus agreed to the settlement amount, and believes it to be a fair result.

Plaintiff also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial, nor did she want to have to take time off work for depositions, conferences and trial.

Plaintiff thus believes that the Settlement Amount represents a fair and equitable compromise that allows her to proceed with her personal and work life without the disruptions, inconveniences, and risks inherent in litigation.

b.  Avoidance of Burdens and Expenses

Second, settling at this stage obviously allows the Parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the Parties would have then been obligated to complete formal written and document discovery and depositions of all Parties, and then engage in subsequent motion practice. The Parties may have proceeded to a trial in this matter, followed by post-trial motions and a potential appeal, resulting in a delayed resolution of Plaintiff's claims at potentially great expense. At this point in the action, there have been no out-of-pocket litigation expenses incurred save for the filing fee, but if the case had not settled, the costs would naturally balloon. This settlement eliminates all of those costs and delays, and this clearly weighs in favor of approval.

c.  Litigation Risks

Third, of course, all Parties face the risk of losing at trial, either in whole or in part. In light of these attendant risks, the settlement amount weighs in favor of a fair and reasonable result that warrants this Court's approval.

d.  Arms-Length Bargaining, No Fraud or Collusion, No Cheeks Admonitions

As detailed herein, this settlement was reached before expending otherwise-inevitable resources on formal discovery. Both sides realized that continued litigation would not be in the best interests of any party involved, and as a result of that recognition, the negotiations were pursued on both sides to come to a fair and reasonable compromise, with much-needed assistance from well-experienced mediator. Indeed, the fact that the Parties' settlement was reached as a result of a court-ordered mediation process, and it was achieved with the aid of an experienced mediator at JAMS who provided guidance and assessment of the "risks of litigation and the benefits of the proposed settlement," bolsters the presumption of fairness. *Romero v. ABCZ Corp.*, 2017 WL 2560004, at \*2 (S.D.N.Y. June 12, 2017).

Furthermore, the Settlement Agreement does not contain any terms that would militate against the Court approving it, as it does not contain a confidentiality, non-disclosure or non-disparagement clause that courts routinely find are "abusive or otherwise in strong tension with the remedial purposes of the FLSA." *See Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668,

at *2 (S.D.N.Y. July 6, 2015); *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *6-7 (S.D.N.Y. March 30, 2015).

Lastly, as noted above, Plaintiff's counsel is not claiming and/or receiving any part of the settlement as reimbursement of his attorneys' fees.  As such, Plaintiff will receive the full settlement amount.

**4.**   **Conclusion**

In light of the foregoing, the Parties respectfully request that the Court approve this settlement and dismiss Plaintiff's claims under the FLSA and NYLL with prejudice.  Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

GAYLE MORALES,

By her attorneys,

/s/:   Trevor Brice
Benjamin J. Wyatt (NY BAR# 700752)
Michael Varraso (NY BAR# 701795)
Trevor Brice (NY BAR #6422091)
THE LAW OFFICES OF WYATT &
ASSOCIATES, PLLC
17 Elm Street, Suite C211
Keene, NH 03431
Phone 603.357.1111
Fax 603.685.2868
bwyatt@wyattlegalservices.com
mvarraso@wyattlegalservices.com
trevor@wyattlegalservices.com

Respectfully submitted,

Fross, Zelnick, Lehrmann & Zissu, P.C. et al.

By their attorneys,

/s/: Amanda Maguire

4

/s/: <u>Marc Braverman</u>
DEALY, SILBERSTEIN &
BRAVERMAN, LLP
225 Broadway, Suite 1405
New York, NY 10007
Phone (212) 385-0066
<u>mbraverman@dsblawny.com</u>
<u>amaguire@dsblawny.com</u>

# EXHIBIT A

## SETTLEMENT AGREEMENT AND WAGE & HOUR RELEASE

This SETTLEMENT AGREEMENT AND RELEASE OF WAGE & HOUR CLAIMS (the "Agreement") is made and entered into as of November 30, 2021 by and between PLAINTIFF GAYLE MORALES ("Plaintiff") and Defendants FROSS ZELNICK LEHRMAN & ZISSU, P.C. ("FZLZ"), JAMES D. WEINBERGER ("Weinberger"), LEO KITTAY ("Kittay") and TERRY RAPHAEL ("Raphael")(collectively, "Defendants")(Plaintiff and Defendants are collectively referred to herein as the "Parties").

**WHEREAS,** Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, Case No. 21-cv-04509-PMH (the "Action"), against Defendants, alleging, among other things, various wage and hour violations in connection with her employment with FZLZ (the "Complaint"); and

**WHEREAS**, Defendants deny any and all claims of liability or wrongdoing asserted in the Action; and

**WHEREAS**, at a mediation before Mark Segall, Esq. on October 28, 2021 (the "Mediation"), the Parties, in an effort to avoid the expense, time and demands of litigation, reached an agreement to compromise and settle Plaintiff's wage and hour claims under the Fair Labor Standards Act and New York Labor Law;

**NOW, THEREFORE,** for and in consideration of the mutual promises herein contained, and for good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, Plaintiff and Defendants agree as follows:

1. **No Admission of Liability**.  This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any right of Plaintiff.   Defendants, for themselves, as well as on behalf of FZLZ's shareholders, officers, directors, supervisors, employees, agents, assigns, beneficiaries and representatives, expressly deny violating any right of Plaintiff's based on federal, state or local law and expressly deny any liability to Plaintiff.

2. **Payment.**  In consideration of Plaintiff's agreement to the terms and conditions set forth in this Agreement, and provided Plaintiff has not revoked the Agreement pursuant to Paragraph 8 below, FZLZ, on behalf of all Defendants, agrees to deliver to Plaintiff's counsel a check made payable to "Gayle Morales" in the amount of Five Thousand Dollars ($5,000) less all applicable deductions and withholdings.   FZLZ shall issue to Plaintiff an IRS Form W-2 with respect to this payment.  Payment shall be made within thirty (30) days of Court-approval of the Agreement provided that the Agreement is not revoked by Plaintiff.

3. **Release by Plaintiff.**  In consideration of Defendants' willingness to enter into this Agreement, and in consideration of the agreements of Defendants contained in this Agreement, including the payment of the settlement amount set forth in Paragraph 2 above, Plaintiff, with the intention of binding herself, her heirs, beneficiaries, trustees,

administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or related to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims").  The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et. seq., the New York Department of Labor Regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.  However, nothing herein shall release or preclude  any claims that arise after the execution of this Agreement.

4.  **Entire Agreement**.  This Agreement represents the entire understanding between the Parties hereto with respect to the subject matter contained herein, and supersedes any and all prior agreements between them concerning Plaintiff's wage and hour claims, whether written or oral.

5.  **Choice of Law**.  This Agreement shall be governed by and under the laws of the State of New York, excluding its choice of laws principles, which are deemed inapplicable.

6.   **Severability.**  If any provision of this Agreement is determined to be invalid or unenforceable, in whole or in part, this determination will not affect any other provision of this Agreement and the provision in question will be modified so as to be rendered enforceable.

7.  **Construction.**  The Parties have cooperated in the drafting and preparation of this Agreement.  No party may be regarded as its drafter, and in any construction to be made of this Agreement, there shall be no presumption that it should be construed as against the interests of either party.

8.  **Knowing and Voluntary**.  Plaintiff warrants that she is fully competent to enter into this Agreement and she acknowledges that she has been afforded the opportunity to review this Agreement with an attorney for at least twenty-one (21) calendar days, that she has consulted with an attorney prior to executing this Agreement, that she has read and understands this Agreement, and that she has signed this Agreement freely and voluntarily. Further, Plaintiff acknowledges that she has the opportunity to revoke this Agreement by providing written notification of revocation to Defendants' counsel, Marc D. Braverman, Dealy Silberstein & Braverman, LLP, 225 Broadway, Suite 1405, New York, New York, 10007,  mbraverman@dsblawny.com, by email or certified mail with return receipt requested within seven (7) days of signing the Agreement.  If Plaintiff timely revokes his execution of this Agreement, then Plaintiff acknowledges that this Agreement shall be of no force or effect.

9.  **Advice of Counsel**.  Plaintiff acknowledges that she has been represented by an attorney of her choice during the negotiation of the terms of this Agreement.  Plaintiff has been advised to discuss this Agreement with her attorney and acknowledges that she has been provided ample opportunity to do so.

10. **Execution in Counterparts**.  This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission, each of which when executed shall be deemed to be an original and all of which together shall constitute a single instrument binding upon the Parties.

[SIGNATURE PAGES FOLLOW]

**PLAINTIFF:**


_____          Dated: _____
GAYLE MORALES                                            12/02/2021



STATE OF   Texas                    )
                                    )ss.:
COUNTY OF   Collin                  )


On _____12/02/2021_____ before me personally came to me GAYLE MORALES known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Wage & Hour Release, and duly acknowledged to me that she executed the same.

```
NOTARY PUBLIC
STATE OF TEXAS
        Brock Repec
        ID NUMBER
         133277577
    COMMISSION EXPIRES
      August 18, 2025
```

_____
                                        Notary Public

Notarized online using audio-video communication

4

**DEFENDANTS:**

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

_____          Dated: November 30, 2021

By:     David Donahue
Title:   General Counsel

STATE OF      New York )
                                )ss.:
COUNTY OF    New York )

On _Nov. 30, 2021_ before me personally came DAVID DONAHUE and acknowledged himself to be the General Counsel of FROSS ZELNICK LEHRMAN & ZISSU, P.C. and that he, as such, being authorized so to do, executed the foregoing Settlement Agreement and Wage & Hour Release, by signing his name on behalf of the firm by him as the General Counsel and an Authorized Representative, and duly acknowledged to me that he executed the same.

_____
Notary Public

5

JOHN P MARGIOTTA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MA6406208
Qualified in New York County
Commission Expires March 23, 202

JAMES D. WEINBERGER

Dated: __11/30/21__

STATE OF New York )
                  )ss.:
COUNTY OF Queens )

On _November 30th, 2021_ before me personally came to me JAMES D. WEINBERGER known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Wage & Hour Release, and duly acknowledged to me that he executed the same.

Notary Public

JUAN J. ARISTY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AR6103239
Qualified in Queens County
Commission Expires December 23, 2023

6

_____          Dated: 12/2/21 _____
LEO KITTAY


STATE OF NEW YORK        )
                         )ss.:
COUNTY OF QUEENS         )

On December 2, 2021 before me personally came to me LEO KITTAY known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Wage & Hour Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

JUAN J. ARISTY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AR6103239
Qualified in Queens County
Commission Expires December 23, 2023

7

_Terryl Raphael_
TERRYL RAPHAEL

Dated: _12/02/2021_

STATE OF  New Jersey )
                          )ss.:
COUNTY OF Union     )

On ___12 - 02 - 2021___ before me personally came to me TERRYL RAPHAEL known to
me to be the individual described in, and who executed the foregoing Settlement Agreement and
Wage & Hour Release, and duly acknowledged to me that she executed the same.

**KLEVER R. PIERDA JR.**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 10/19/2023**

_____
Notary Public

8