UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GAYLE MORALES,

                     Plaintiff,

v.                                                      ORDER

FROSS, ZELNICK, LEHRMAN & ZISSU, P.C.,      21-cv-04509 (PMH)
et al.,

                     Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

The parties in this wage-and-hour case have submitted a joint letter and proposed settlement agreement, which provides for a total settlement payment of $5,000. (Doc. 25). The Court now considers whether the settlement is fair and reasonable under the standard set forth in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

## **STANDARD OF REVIEW**

The unique policy considerations underlying the Fair Labor Standards Act ("FLSA") require that a court or the Department of Labor approve any settlement of FLSA claims. *Cheeks*, 796 F.3d at 206. The Court must assure itself that the proposed settlement terms are "fair and reasonable" before approving such a settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (cleaned up).

## ANALYSIS

Having carefully reviewed the joint letter and proposed settlement agreement, the Court finds that the proposed settlement agreement "'is a fair and reasonable resolution of the dispute.'" *Sloben v. SDI Int'l Corp.*, No. 20-CV-04717, 2021 WL 4124952, at *1 (S.D.N.Y. Sept. 9, 2021) (quoting *Kopera v. Home Depot U.S.A., Inc.*, No. 09-CV-08337, 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011)). Judged against the "costs and delays" of further litigation, the total settlement amount of $5,000 is reasonable and reflects an arm's-length agreement. (Doc. 25 at 3). Moreover, because Plaintiff's attorneys "receive no fees out of the settlement, the Court need not assess whether any fee award is fair and reasonable." *Bland v. Doyle*, No. 20-CV-03226, 2021 WL 3501091, at *1 (S.D.N.Y. Aug. 9, 2021).

With respect to the proposed settlement agreement's terms, there are no confidentiality, non-disclosure, or non-disparagement provisions. *See Amhaz v. Booking.com (USA) Inc.*, No. 17-CV-02120, 2019 WL 9122944, at *3 (S.D.N.Y. Oct. 29, 2019) (recommending approval of proposed settlement agreement that contained no confidentiality or non-disparagement provisions), *adopted by* No. 17-CV-02120, 2020 WL 3498264 (S.D.N.Y. June 29, 2020). "The settlement agreement's release provision is also appropriately limited to wage-related claims . . . ." *Id.*

Accordingly, the proposed settlement agreement is approved. The parties are directed to file a fully executed stipulation and order of dismissal with prejudice by December 8, 2021.

SO-ORDERED:

Dated: White Plains, New York
       December 6, 2021

_____
Philip M. Halpern
United States District Judge